United States District Court
Southern District of Texas
**ENTERED**
May 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FELIPA RUBIO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00129 |
| | § | |
| MARKWAYNE MULLINS, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER OF TRANSFER

This is a habeas action filed pursuant to 28 U.S.C. § 2241. (D.E. 1). Jose Trinidad Rubio, as next friend for Felipa Rubio, filed this habeas case seeking relief pursuant to 28 U.S.C. § 2241. Mr. Rubio lists an address in Corpus Christi, Texas, in Nueces County which is within the Southern District of Texas, Corpus Christi Division. 28 U.S.C. §124(b)(6). However, a review of the TDCJ inmate locator website indicates Petitioner herself is currently incarcerated at the Plane Jail in Dayton, Texas in Liberty County, which is within the Eastern District of Texas, Beaumont Division. 28 U.S.C. § 124(c)(2).

It is well established that a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 must be filed in the district where the prisoner is incarcerated. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (citation omitted); *see also Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). While Petitioner filed this case in the Southern District of Texas, it is more appropriately transferred to the Beaumont Division

1 / 2

of the Eastern District of Texas where Petitioner is currently being held.  28 U.S.C. § 124(c)(2).[1]

Rather than dismissal, the Court finds this case should be transferred. Therefore, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the United States District Court for the Eastern District of Texas, Beaumont Division.  All pending Motions are **DENIED** as moot and the Clerk of Court is **DIRECTED** to **CLOSE** this case.

ORDERED on May 4, 2026.

Jason B. Libby
United States Magistrate Judge

---

[1]The undersigned notes that if Petitioner seeks to challenge her underlying state conviction, the petition may be construed as one filed pursuant to 28 U.S.C. § 2254, necessitating a further transfer to the appropriate court.  However, at this time, Petitioner states she is challenging a removal decision and is seeking relief pursuant to 28 U.S.C. § 2241.